**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IGORS SHVERNIKS,<br><br>  Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>  Respondent. | No. 06-75443<br><br>Agency No. A096-364-841<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]
Pasadena, California

Before: RYMER and BYBEE, Circuit Judges, and QUIST, Senior District
Judge.[***]

Igors Shverniks, a Latvian native and a Pentecostal Christian, petitions for

review of a Board of Immigration Appeals decision affirming the Immigration

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Gordon J. Quist, Senior District Judge for the U.S.
District Court for Western Michigan, Grand Rapids, sitting by designation.

Judge's denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Shverniks argues the BIA erred in determining that he did not show past persecution and that he did not have a well-founded fear of future persecution and torture. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

The record does not compel a finding that Shverniks's alleged persecution was committed by the government, or by forces that the government was unable or unwilling to control. *See Rahimzadeh v. Holder*, 613 F.3d 916, 920-21 (9th Cir. 2010). Shverniks testified that the police visited him in the hospital each time he was assaulted in order to investigate the crimes. They were unable to assist further because Shverniks could not identify the assailants. That is insufficient to compel a finding of government complicity or indifference. *See Truong v. Holder*, 613 F.3d 938, 941 (9th Cir. 2010) (per curiam) (police dutifully made a report after each incident but were unable to locate the unknown assailants).

The record also does not compel a finding of a well-founded fear of persecution. Shverniks, under his "pattern or practice" claim, must show that this is one of those extreme cases in which there exists a pattern of systematic persecution of Pentecostal Christians. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1183 n.6 (9th Cir. 2003). Shverniks relies on the Lautenberg Amendment to § 207 of the Immigration and Nationality Act as evidence of such systematic persecution.

We have previously rejected that argument. *See Halaim v. INS*, 358 F.3d 1128, 1132-35 (9th Cir. 2004). There is no evidence in the record of widespread persecution, or any systematic persecution, in Latvia of Pentecostal Christians.

Finally, substantial evidence supports the agency's denial of CAT relief because Shverniks failed to establish it is more likely than not that he would be tortured if returned to Latvia. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009). The prior assaults on Shverniks do not rise to the level of torture. *See, e.g.*, 8 C.F.R. § 208.18(a); *Barrios v. Holder*, 581 F.3d 849, 856 n.6 (9th Cir. 2009) (no torture where applicant was threatened and robbed by a gang while attending school, and the gang cut his neck with a switchblade); *Kumar v. Gonzales*, 444 F.3d 1043, 1055 (9th Cir. 2006) (no torture where applicant was physically assaulted and threatened with arrest and death, and in a separate incident was severely beaten with wooden sticks and leather belts by officers and threatened with death).

PETITION DENIED.